```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ANTHONY H. BAPTISTE,                                          :
                                                              :
                        Plaintiff,                            :
                                                              :                MEMORANDUM AND ORDER
                                                              :
        -against-                                             :
                                                              :                19 Civ. 42 (RPK) (VMS)
SUFFOLK COUNTY, as a municipality, BARUN                      :
JAISWAL MD, JANE DOE (Medical Provider),                      :
JOHN DOES (Suffolk County Correctional                        :
Officers) and JANE DOES (Suffolk County                       :
Correctional Nurses),                                         :
                                                              :
                        Defendants.                           :
------------------------------------------------------------- X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Anthony H. Baptiste ("Plaintiff") brings this action against Defendants Suffolk County, as a municipality, Barun Jaiswal MD, Jane Doe (Medical Provider), John Does (Suffolk County Correctional Officers) and Jane Does (Suffolk County Correctional Nurses). Before the Court is Plaintiff's motion for leave to file his Second Amended Complaint to add Wieslawa Stelzel as the Jane Doe Medical Provider and to add Maddie Brown and Natalie Utne as two of the Jane Doe Suffolk County Correctional Nurses, referred by the Honorable Rachel P. Kovner. See ECF Nos. 28, 36. Defendants oppose. See ECF No. 37. Plaintiff replies. See ECF No. 39. For the reasons stated below, this Court grants Plaintiff's motion.

I. **BACKGROUND**

   a. **Factual Background**

The following facts are drawn from the Amended Complaint ("AC"), ECF No. 12, and the attached documents, and they are assumed to be true for the purpose of this Memorandum and Order.

1

Plaintiff, a practical nurse and pre-trial detainee, was arrested on February 24, 2016. See AC ¶¶ 2, 4. That day, as part of his intake, Plaintiff saw Nurse Practitioner Alice Butkos, who encouraged him to exercise and lose weight. Id. ¶ 4 & Ex. B. In late April 2016, Plaintiff injured his knee while exercising at Suffolk County Correctional Facility. See id. ¶ 5. Plaintiff alleges he "could not walk, and when I could walk I was in excruciating pain." Id. He submitted "multiple requests to see a medical provider," but was not seen by Dr. Barun Jaiswal until June 9, 2016, nearly six weeks after he was injured. Id. Dr. Jaiswal prescribed an ace bandage and directed him to follow-up in two weeks if there was no improvement. Id. & Ex. C.

After two weeks, Plaintiff's knee "was the size of a softball" and he was still in "severe pain," so Plaintiff notified nurses and corrections officers, and he submitted repeated requests for medical treatment. See id. ¶¶ 6-7. He did not receive a response to his requests for medical treatment. See id. ¶ 6. When he stated that he wanted to file a grievance concerning the lack of response, he was told by corrections officers that there were no grievance forms in the housing area. Id.

On July 7, 2016, Plaintiff saw Nurse Jane Doe who noted that there was "no swelling," and she prescribed an ace bandage and ice packs three times per day for three days. Id. ¶ 7 & Ex. D. Plaintiff alleges that the Jane Doe nurses who visited his housing unit "refused to provide . . . ice packs," stating that "it was the policy of the Jail not to give ice packs to the inmates in the housing area." Id. ¶ 8. The nurses advised Plaintiff to submit a medical request in order to receive his prescribed ice packs, which he did "diligently." See id. ¶¶ 8-9.

Plaintiff was next seen by Dr. Jaiswal on August 18, 2016. Id. ¶ 9 & Ex. E. Dr. Jaiswal noted that Plaintiff's knee was still swollen. Id. Dr. Jaiswal prescribed a knee brace for one month and a return visit in two weeks if needed, but he did not prescribe any diagnostic tests

such as an x-ray or MRI.  See id. ¶¶ 9, 13.  The nurses on Plaintiff's housing unit failed to provide the knee brace despite his requests and his requests for subsequent medical treatment were ignored.  See id. ¶ 10.  Plaintiff did not receive the prescribed knee brace until he was transferred to Downstate Correctional Facility in January 2018.  Id. ¶ 12.

Plaintiff alleges that his symptoms caused him pain and limited his mobility, which in turn inhibited his ability to do legal research, visit with family and friends, or attend Bible study.  Id. ¶ 11.  Plaintiff asserts that he is still reliant on a knee brace to "alleviate the pain, which may be a[] direct effect of the lack of medical care from the Suffolk County Correctional Facility Medical staff."  Id. ¶ 12.

Plaintiff alleges that Defendants were deliberately indifferent to his "egregiously inflamed knee" and "extreme pain" in violation of the Due Process clause of the Fourteenth Amendment, and that Defendant Corrections Officers, Doctor, and Nurses knew of but disregarded his need for medical care.  See id. ¶ 13.  He also alleges that his injuries were caused by a municipal policy or custom, as demonstrated by the nurses who informed him that he was not allowed his ice packs due to policy.  See id.  He seeks $1,250,000.00 in damages for the lack of treatment which hindered Plaintiff's quality of life and could be the cause of chronic damage.  See id. at 6.

### b. Procedural Background

Plaintiff commenced this action against Suffolk County by filing the Complaint on January 22, 2019.  See ECF No. 1.  The Complaint was sua sponte dismissed in its entirety for failure to state a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  See ECF No. 11.  Plaintiff was granted thirty days to file an amended complaint.  See id.  Plaintiff timely filed the Amended Complaint.  See AC.  The Amended Complaint added

3

numerous Defendants, many of whom were sua sponte dismissed from this action for failure to state a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). See AC; ECF No. 14. In relevant part, the Court's Order held that "Plaintiff's § 1983 claim may proceed against defendants Suffolk County and Dr. Jaiswal, as well as the Doe medical personnel and corrections officers listed in the caption." ECF No. 14 at 9. Approximately one month later, Defendants Suffolk County and Dr. Jaiswal answered the Amended Complaint. See ECF No. 16.

On October 12, 2021, the Court held an initial conference and approved the parties' jointly proposed scheduling order with modifications. See Order dated 10/13/2021. The Court set January 14, 2022 as the deadline for joinder or any amendments of the pleadings. See id. By letter dated January 10, 2022, Plaintiff requested leave to amend the Amended Complaint to name Wieslawa Stelzel as the Jane Doe Medical Provider who prescribed Plaintiff ice packs and allegedly misdiagnosed him. See ECF No. 28. Defendants wrote to oppose Plaintiff's proposed amendment, arguing that the amendment is time barred and that it fails to state a cause of action. See ECF No. 31. By letter dated January 27, 2022, Plaintiff filed a letter stating that, in addition to Nurse Stelzel, he seeks to name Maddie Brown and Natalie Utne as two of the Jane Doe Suffolk County Correctional Nurses who are alleged to have refused to give Plaintiff his prescribed ice packs, and that Plaintiff is no longer pursuing any claims against the Suffolk County Correctional Officers named as John and Jane Does in the Amended Complaint. See ECF No. 33.

The Court held a telephone conference on February 2, 2022, at which Defendants indicated they continue to oppose all of Plaintiff's requests to amend the Amended Complaint to substitute the Jane Does. See Order dated 2/2/2022. The Court set a briefing schedule for

4

Plaintiff's motion to amend, see id., which is now fully briefed, see ECF Nos. 36-37, 39.

### c. Discovery Of The Jane Does' Names

Plaintiff states in his motion to amend that he submitted a HIPPA release to obtain his own medical records on October 30, 2016, but the records he received did not contain Nurse Stelzel, Brown or Utne's names. See ECF No. 36 ¶¶ 5, 21. By letter dated February 10, 2020, Plaintiff sought from Defendants the names of the medical provider who prescribed him ice packs on July 7, 2016, and the nurses who denied him ice packs on various dates. See ECF No. 13. His letter requested that Defendants send a list of the names to Plaintiff. See id. At the time, this case had not yet proceeded to discovery, as the Court was reviewing Plaintiff's complaints pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a). See ECF Nos. 11, 14. Once completed, this case was referred to the undersigned for identification of the Doe Defendants and pretrial supervision. See ECF No. 14 at 9. At the initial conference, the Court approved the parties' jointly proposed scheduling order with modifications, which included that initial document requests and interrogatories were to be served by November 12, 2021.[1] See ECF No. 19. Plaintiff states it was not until October 7, 2021, when Plaintiff received a copy of his medical records from Defendants that was different from previously received records, that Plaintiff learned Nurse Stelzel was the medical provider who prescribed him ice packs. See ECF No. 36 ¶¶ 5, 21. By letter dated December 23, 2021, Plaintiff wrote to the Court to note he was being transferred to another facility, but he did not know which one. See ECF No. 24. By letter dated December 25, 2021, Plaintiff wrote to the Court to advise of his new mailing address. See

---

[1] Because this case was brought by a plaintiff who is in the custody of the state and without an attorney, the parties were exempt from serving initial disclosures. See Fed. R. Civ. P. 26(a)(1)(B)(iv).

ECF No. 25.

By letter dated January 10, 2022, Plaintiff wrote to the Court to request leave to amend the Amended Complaint to name Wieslawa Stelzel as the Jane Doe Medical Provider who prescribed Plaintiff ice packs and allegedly misdiagnosed him based on the Defendants' responses to Plaintiff's discovery and interrogatory requests. See ECF No. 28. The letter also notes that Defendants had not completed their discovery in the sense that they had informed Plaintiff they were still trying to find out the names of the nurses who were working on other dates. See id. Defendants submitted a status letter on behalf of all parties on January 18, 2022. See ECF No. 26. The letter indicates that Defendants answered certain of Plaintiff's discovery requests on December 22, 2021, including that the nurses working in the housing unit on the dates Plaintiff was allegedly denied his prescribed ice packs were Maddie Brown and Natalie Utne. See id. Plaintiff claims that he did not receive these discovery responses from Defendants dated December 22, 2021; Plaintiff states he first learned of Nurse Brown and Utne's names during correspondence with Defendants regarding the January 18, 2022 status letter. See ECF No. 36 ¶¶ 8-9. By letter dated January 27, 2022, Plaintiff wrote that, based on Defendants' recent responses to his discovery requests, he seeks to amend his Amended Complaint to add Maddie Brown and Natalie Utne as defendants.[2] See ECF No. 33. Defendants do not dispute the timing noted here. See generally ECF No. 37.

---

[2] Plaintiff notes that he is still missing the name(s) of nurse(s) who did not provide him with the prescribed knee brace, and asks what else he must do to officially amend the Amended Complaint to include them as defendants once he learns their identities. See ECF No. 33.

## II. DISCUSSION

### a. Fed. R. Civ. P. 16

Rule 16 requires the Court to issue a scheduling order early in the case, which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000) (internal quotations & citation omitted). "Where, as here, a scheduling order governs amendments to the complaint, the Second Circuit has held that the lenient standard under Rule 15(a) or Rule 21 must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 36 (S.D.N.Y. 2016) (citing Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009)) (further citations omitted); see also Fed. R. Civ. P. 16(b). In other words, "the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2 (3d ed. 2021).

Where a motion to amend is filed after the deadline set by the Court to do so, it "is subject to the more demanding standard of Rule 16(b), which requires 'good cause' for leave to amend." CSX Transp., Inc. v. Emjay Env't Recycling, Ltd., No. 12 Civ. 1865 (JS) (AKT), 2013 WL 12329546, at *2 (E.D.N.Y. Sept. 18, 2013) (citing Parker, 204 F.3d at 340) (further citations omitted). "Under Rule 16(b) . . . the mere absence of prejudice, bad faith, futility, or similar factors is not sufficient to constitute good cause." Id. (internal quotations & citations omitted).

7

The consequence for failing to file before the Rule 16 deadline is that, absent good cause, such an amendment is precluded. "Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it has been diligent in its effort to meet the Court's deadlines." Id. at *3 (internal quotations & citations omitted). "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal quotations & citations omitted). "[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Id. (internal quotations & citation omitted). Further, although "the primary consideration is whether the moving party can demonstrate diligence[,] . . . [t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).

Here, Plaintiff sought leave to amend the Amended Complaint to add Nurse Stelzel as a defendant prior to the January 14, 2022 deadline for joinder or amendments to the pleadings. See Order dated 10/13/2021; ECF No. 28. As to Plaintiff's request to amend to add Nurse Brown and Nurse Utne as defendants, Defendants indicate they provided these names to Plaintiff in discovery responses dated December 22, 2021. See ECF No. 26. It is unclear on the record before the Court which mailing address Defendants used for their discovery responses. One day after the mailing date of Defendants' discovery responses, Plaintiff notified the Court by letter that he was being transferred to another facility, and by letter dated December 25, 2021, Plaintiff reported his new mailing address. See ECF Nos. 24-25. Plaintiffs' letters were only entered on

8

the docket January 4, 2022, and January 6, 2022, respectively. See id. Plaintiff explains it was only through correspondence regarding the status report filed January 18, 2022, did Plaintiff learn the identities of Nurses Brown and Utne. See ECF No. 26; ECF No. 36 ¶¶ 4-5, 8-9. Thereafter, Plaintiff requested leave to amend to add Nurse Brown and Nurse Utne as defendants by letter dated January 27, 2022. See ECF No. 33. The Court finds that this timeline of events reasonably complies with Fed. R. Civ. P. 16, in that Plaintiff either submitted his requests prior to the January 14, 2022 deadline for amendments to the pleadings, or Plaintiff requested the amendment diligently upon learning the identities of the Doe Defendants.[3] The Court therefore turns to Fed. R. Civ. P. 15 for the remainder of the analysis.

### b. Fed. R. Civ. P. 15 And N.Y. C.P.L.R. § 1024

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a), which provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see Assam v. Deer Park Spring Water, Inc., 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). It is "within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted). Leave to amend a complaint should be denied only "if there is delay, bad faith, futility, or prejudice to the non-moving party." Hosking v. New World Mortg., Inc., 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing Foman v. Davis, 371 U.S.

---

[3] Defendants do not argue they have been prejudiced by Plaintiff's proposed amendments, but they state that Nurses Stelzel, Brown and Utne will be prejudiced by having to "defend allegations that are solely based on plaintiff's unsupported version of his claim, and puts them in a position of having to recall relatively routine conduct years after it occurred." See ECF No. 37 at 6 n.1. As discussed, infra, Section II.b., the Court does not find this argument persuasive as Nurses Stelzel, Brown and Utne were on notice that they were the intended defendants.

9

178, 182 (1962)) (further citations omitted).  The party opposing a motion to amend bears the burden of establishing that the amendment should be denied.  See Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. 12 Civ. 5682 (JS) (AKT), 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting Cummings-Fowler v. Suffolk Cnty. Cmty. Coll., 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

John Doe pleadings generally "cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."  Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995) (quoting Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)).  Thus, such an amendment may only be permitted when it relates back to the original pleading under Fed. R. Civ. P. 15(c).  See id.  Under Fed. R. Civ. P. 15(c)(1)(A), an amendment relates back when "the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).

Section 1983 itself "does not provide a specific statute of limitations," so "courts apply the statute of limitations for personal injury actions under state law."  Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (citations omitted).  "The three-year statute of limitations of New York CPLR 214(5), which governs general personal injury actions, is applicable to Section 1983 cases filed in New York."  Phillips v. City of New York, 304 F. Supp. 3d 305, 311 (E.D.N.Y. 2018) (citing Owens v. Okure, 488 U.S. 235, 251 (1989)); accord Hogan, 738 F.3d at 517.  Because Section 1983 derives its statute of limitations from state law, the Court must determine whether New York state law would permit relation back.  Hogan, 738 F.3d at 518.  Under N.Y. C.P.L.R. § 1024,

10

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. A plaintiff must have (1) "exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant[s] by name," and (2) "describe[d] the [Doe Defendants] 'in such form as will fairly apprise the party that [they are] the intended defendant[s].'" Hogan, 738 F.3d at 519 (quoting Bumpus v. New York City Transit Auth., 66 A.D. 3d 26, 29-30 (2d Dep't 2009)); see Harris v. N. Shore Univ. Hosp. at Syosset, 16 A.D.3d 549, 550 (2d Dep't 2005). "To identify unknown parties after filing, a plaintiff is advised to serve discovery demands upon any known parties . . . or otherwise act with diligence." Boston v. Suffolk Cnty., New York, 326 F. Supp. 3d 1, 13 (E.D.N.Y. 2018) (citing Williams v. United States, No. 07 Civ. 3018 (RJS) (THK), 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25, 2010), R&R adopted, 2010 WL 963465 (S.D.N.Y. Mar. 16, 2010)).

Here, Plaintiff submitted a HIPPA release to obtain his own medical records on October 30, 2016, but the records he received did not contain Nurse Stelzel, Brown or Utne's names. See ECF No. 36 ¶¶ 5, 21. Plaintiff timely commenced this action on January 22, 2019, and it was not until June 25, 2021, that the Court completed its review of Plaintiff's complaints pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), then directed the parties to the undersigned for discovery regarding the Doe Defendants. See ECF Nos. 1, 11; ECF No. 14 at 9. Thereafter, discovery produced by Defendants provided Plaintiff with the identities of the Doe Nurses. See ECF No. 36 ¶¶ 5, 9, 21. While Defendants argue that Plaintiff should have demonstrated additional attempts at identifying the Doe Nurses prior to filing the Amended Complaint, this Court already ordered that Plaintiff may both proceed on his claims against the Doe Nurses

11

(assuming they are well-plead) and that this matter should proceed with the necessary discovery for identifying them.  See ECF No. 14 at 9.  Plaintiff cannot be said to have acted without diligence by complying with the discovery schedule set by the Court.  Plaintiff also sought to amend the Amended Complaint prior to the deadline for amendments to the pleadings to add Nurse Stelzel, and he timely moved for leave to amend the Amended Complaint to add Nurses Brown and Utne not long after the deadline once he learned of their identities.  See Order dated 10/13/2021; ECF Nos. 28, 33.  Such actions demonstrate sufficient due diligence to identify the Doe Nurses by name.  See, e.g., Joseph v. Bute, No. 16 Civ. 2004 (PKC) (LB), 2019 WL 181302, at *6 (E.D.N.Y. Jan. 9, 2019) (finding that the "[p]laintiff's 'efforts to ascertain the [defendants]' identities distinguish this case from the majority of cases finding a lack of due diligence in the absence of any efforts at identification prior to the expiration of the statute of limitations") (quoting Abreu v. City of New York, No. 17 Civ. 6179 (PAE), 2018 WL 3315572, at *6 (S.D.N.Y. July 5, 2018)) (emphasis in original).

      Plaintiff also described the Doe Nurses sufficiently in his earlier pleadings.  In the Amended Complaint, Plaintiff identified a Jane Doe Medical Provider who treated Plaintiff at Suffolk County Correctional Facility at approximately 10:06 AM on July 7, 2016, wrote "no swelling., no c/o tenderness, flexion and extension good" in Plaintiff's medical records, and prescribed Plaintiff an ace bandage.  See AC ¶ 7 & Ex. D.  Plaintiff also identified Jane Does as nurses who, between July 7, 2016 and August 18, 2016, visited Plaintiff's housing area to give inmates prescribed medication and treatments, who denied Plaintiff his ice packs, and who informed Plaintiff that it was the policy of the jail not to provide ice packs to inmates in the housing area.  See id. ¶¶ 7-9.  In the proposed Second Amended Complaint, all Plaintiff virtually seeks to change is swapping in the nurses' names to replace the Jane Doe designations.  See ECF

No. 36-1 ¶¶ 7-8. The original pleading had sufficient information to put the Doe Nurses on notice that they were the intended defendants. See Joseph, 2019 WL 181302, at *5 (noting that there is no dispute that a complaint that "specified the date and place of the relevant events, the conduct engaged in by the [defendants], and even described the involved [defendants]" put the unnamed defendants on notice). Because Plaintiff has met both criteria under N.Y. C.P.L.R. § 1024, the Court finds that Plaintiff's allegations against the newly named individuals relate back to the Amended Complaint.

### c. Standing

Defendants argue that Plaintiff's amendment naming Nurse Stelzel based on the allegations in the Amended Complaint would be futile for failure to state a claim. See ECF No. 37 at 6-7. Neither party addressed the preliminary issue of whether Defendants have standing to make these arguments on behalf of a non-party.

The majority of Courts have held that "current parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants." Custom Pak Brokerage, LLC v. Dandrea Produce, Inc., No. 13 Civ. 5592 (NLH) (AMD), 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (alterations, internal quotations & citation omitted); accord Malek v. Chef's Roll, Inc., No. 18 Civ. 3205 (BRM) (ESK), 2021 WL 822787, at *14 (D.N.J. Mar. 4, 2021); O'Gorman v. Mercer Kitchen L.L.C., No. 20 Civ. 1404 (LJL), 2021 WL 602987, at *2 (S.D.N.Y. Feb. 15, 2021). "To be sure, some courts have allowed a defendant to assert futility on behalf of a prospective defendant, but in these cases there was usually a 'close legal relationship' between the two." N.Y. Wheel Owner v. Mammoet Holding B.V., 481 F. Supp. 3d 216, 250 (S.D.N.Y. 2020) (citing Agri Star Meat & Poultry, LLC v. Moriah Cap., L.P., No. 10 Civ. 1019 (JTS), 2011 WL 1743712, at *7 (N.D. Iowa May 6, 2011); Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 149-52 (S.D.N.Y. 2012)).

13

Some courts have considered arguments by current parties as to the futility of proposed amendments against non-parties under, inter alia, the court's own authority to review proposed amendments for futility. See, e.g., Werner Deconstruction, LLC v. Siteworks Servs. N.Y., Inc., No. 15 Civ. 7682 (MLC) (TJB), 2017 WL 1591866, at *7 (D.N.J. Apr. 28, 2017) ("Instead, the Court has the inherent authority to review a proposed amendment for futility and the [c]ourt exercises this authority herein." (citation omitted)); Danaher Corp. v. The Travelers Indem. Co., No. 10 Civ. 121 (JPO), 2016 WL 1255739, at *3 n.2 (S.D.N.Y. Mar. 30, 2016) (declining to decide whether a non-party has standing to oppose a motion to amend because regardless, "the Court must consider whether the proposed amendment is futile or unduly delayed").

Nurse Stelzel is named individually in addition to Suffolk County as a municipality and Dr. Jaiswal. Although Nurse Stelzel worked at the same correctional facility as Dr. Jaiswal, and Nurse Stelzel worked at the Suffolk County Correctional Facility which is run by Suffolk County, it may be a close call whether such a close legal relationship exists here to confer standing to object to the amendment. While there may be an appealing efficiency for the Court to exercise its own authority in circumstances where it is clear on the face of the pleadings that the proposed amendment is patently futile, the Court does not find those circumstances here.[4]

---

[4] Courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotations & citations omitted). Still, a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face." Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 80 (2d Cir. 2018) (internal quotations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations & citations omitted). To state a deliberate indifference to medical needs claim under the Fourteenth Amendment, a plaintiff must plead facts that would tend to show "(1) that the alleged deprivation

Judicial efficiency is more likely to suffer if the Court were to entertain the futility argument because the proposed defendant would, in effect, get two bites at the same apple. See O'Gorman, 2021 WL 602987, at *2 ("On this record, a decision to entertain the futility arguments coming from the mouth of Mercer Hotel Corp. but not being made with authority on the behalf of the new defendants would give those new defendants the best of both worlds, permitting them to enjoy a favorable ruling without suffering the consequences of an adverse ruling, all to the detriment of judicial efficiency." (citation omitted)). The Court is therefore persuaded that the best approach is to permit amendment and let the proposed defendant, once properly served, appear to make her own arguments to be dismissed by which she may be bound.

Accordingly, the Court grants Plaintiff's motion for leave to amend the Amended Complaint in its entirety.

---

'pose[d] an unreasonable risk of serious damage to his health,' and (2) 'that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed.'" Adamson v. Miller, 808 F. App'x 14, 18 (2d Cir. 2020) (summary order) (quoting Darnell v. Pineiro, 849 F.3d 17, 30, 35 (2d Cir. 2017)). Given Plaintiff's allegations in the proposed Second Amended Complaint that Nurse Stelzel indicated in Plaintiff's medical records that his knee had no swelling while Plaintiff asserts he was in "severe pain;" that Nurse Stelzel's observations regarding the status of Plaintiff's knee were contradicted by observations of other medical staff including Dr. Jaiswal, both before and after Plaintiff's visit to Nurse Stelzel; that Nurse Stelzel provided Plaintiff with an ace bandage even after Plaintiff complained it did not provide him with enough support; and that Nurse Stelzel failed to order any diagnostic tests for Plaintiff despite his "severe pain," see ECF No. 36-1 ¶¶ 5-7, 9 & Exs. C-E; it is not apparent on its face that Plaintiff's proposed amendment is futile. This observation does not prevent Nurse Stelzel from making an appropriate Fed. R. Civ. P. 12 motion when she appears.

### III.     CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion at ECF Nos. 28, 36, for leave to amend the Amended Complaint.  Plaintiff's Second Amended Complaint at ECF No. 36-1 is deemed filed and is the operative complaint.  The Clerk of Court is to issue summonses to the three new Defendants: Wieslawa Stelzel, Maddie Brown and Natalie Utne.  On or before May 13, 2022, Defendants' counsel will inform the Court whether they are authorized to accept service on behalf of one or more of the new Defendants.  If they are, the answer or premotion conference letter is due by June 10, 2022.  If they are not, Defendants' counsel's letter shall include the last known addresses for service on the three new Defendants.  The Court will then direct the U.S. Marshall Service to serve the summonses, Second Amended Complaint and the docket sheet on the three new Defendants to facilitate service.  The answer or any premotion conference letter by the three new Defendants will be due depending on the date of service.  The Court will mail a copy of this Order and the docket sheet to Plaintiff at Anthony H. Baptiste, 18A0067, Green Haven Correctional Facility, P.O. Box 4000, Stormville, NY 12582.

Dated:  Brooklyn, New York
       April 26, 2022

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge